J-A01024-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JANE DOE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| AMBLER EXTENDED CARE CENTER; | : | |
| AMBLER HEALTHCARE GROUP, LLC; | : | |
| SABER HEALTHCARE GROUP, LLC; | : | |
| SABER HEALTHCARE HOLDINGS, | : | |
| LLC; JASMINE DRAYTON; DARRYL | : | |
| DRAYTON; JOHN DOES 1-10; ABC | : | |
| CORPORATIONS 1-10 | : | |
| | : | |
| APPEAL OF: AMBLER EXTENDED | : | |
| CARE CENTER; AMBLER | : | |
| HEALTHCARE GROUP, LLC; SABER | : | |
| HEALTHCARE GROUP, LLC; AND | : | |
| SABER HEALTHCARE HOLDINGS, LLC | : | No. 548 EDA 2025 |

Appeal from the Order Entered February 12, 2025
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 240702005

BEFORE: DUBOW, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED DECEMBER 15, 2025**

Ambler Extended Care Center; Ambler Healthcare Group, LLC; Saber Healthcare Group, LLC; and Saber Healthcare Holdings, LLC[1] appeal from the order overruling their preliminary objections to compel arbitration. Because the trial court found that the Plaintiff, Jane Doe, never signed an arbitration agreement and the record sufficiently supports that finding, we affirm.

According to Ms. Doe's complaint, in 2021, she moved into Ambler Extended Care Center, which the Nursing Home owned and managed. ***See***

_____

[1] We refer to these Corporate Defendants collectively as "the Nursing Home."

Complaint at 3. The Nursing Home therefore owed Ms. Doe a duty to keep her safe from harm. *See id.*

On July 22, 2022, around 2:45 a.m., another resident, Darryl Drayton, left his room, walked past two nurses, and entered Ms. Doe's room. *See id.* at 4. He "had a history of sexually inappropriate conduct," about which the Nursing Home "knew or should have known . . . ." *Id.* at 7. Even so, the two nurses on duty that morning neither questioned nor restrained Drayton.

When Drayton entered Ms. Doe's room, she was asleep. She "awoke to [find] Drayton sexually assaulting her, rubbing her buttocks, and penetrating her vagina and anus." *Id.* at 5. Crying out for help, Ms. Doe "attempted to push [him] away from her, and she sustained several scratches on her arms trying to fight off" her assailant. *Id.* "Shortly thereafter, the surveillance video footage showed . . . Drayton exiting [Ms. Doe's] room, followed by [her]." *Id.* The video showed her complaining of the assault to the nurses.

They did nothing to assist Ms. Doe, so she called 911. *See id.* Police arrived and charged Drayton with Indecent Assault of an Unconscious Person and Indecent Exposure.[2] However, "several employees of [the Nursing Home] tried to convince [Ms. Doe] to drop the charges . . . ." *Id.* at 6 (some punctuation omitted).

Then, the Nursing Home "engaged in retaliatory behavior to encourage [Ms. Doe] to leave Ambler Extended Care Center." *Id.* It "called the police

_____

[2] *See* 18 Pa.C.S.A. §§ 3126(a)(4) and 3127.

- 2 -

to have [her] committed for inpatient, mental-health treatment against her will." *Id.* "Following her discharge from inpatient, mental-health treatment, [Ms. Doe] was told by [the Nursing Home] that she was no longer permitted to reside at Ambler Extended Care Center." *Id.* This caused Ms. Doe great emotional distress, because "she would be homeless as she had no family nearby and needed around-the-clock nursing care." *Id.* The Nursing Home removed Ms. Doe to another facility. Nevertheless, the Nursing Home still "deposited her monthly check from social security without [Ms. Doe's] permission." *Id.* at 7.

On April 9, 2023, Drayton died. The Commonwealth closed the criminal case against him.

The following year, Ms. Doe commenced this action by writ of summons, and she filed her complaint on November 25, 2024. Ms. Doe brought counts of negligence and intentional infliction of emotional distress against the Nursing Home. She also brought a count of assault and battery against Jasmine Drayton, in her capacity as the Administratrix of her father Darryl Drayton's Estate.

The Nursing Home filed preliminary objections in the nature of a petition to compel arbitration. It attached an alleged arbitration agreement between the Nursing Home and Ms. Doe. According to the Nursing Home, Ms. Doe "willingly and knowingly signed a voluntary, binding Resident and Facility Arbitration Agreement (the 'Agreement') wherein she agreed to bring claims related to her residency at the facility, which included those made in the

complaint filed in this matter, in binding arbitration." Preliminary Objections at 2 (some capitalization omitted).

Ms. Doe filed a reply in opposition to the preliminary objections. Among other issues, she challenged the factual allegation that she entered into the arbitration agreement. To support her version of events, Ms. Doe gave an affidavit to the trial court, in which she swore that:

1. I never saw the document attached as Exhibit "B" to Defendants' Preliminary Objections entitled "Resident and Facility Arbitration Agreement" until today, December 27, 2024.

2. I did not sign the . . . Arbitration Agreement . . .

3. This document was not previously discussed with me or explained to me from anyone at Ambler Extended Care Center.

4. I did not review or agree to the document or the terms therein.

Doe's Affidavit at 1.

The Nursing Home failed to come forward with any evidence to rebut Ms. Doe's sworn statements. Furthermore, the Nursing Home failed to move for discovery. It also failed to ask the trial court for an evidentiary hearing where the Nursing Home could have cross-examined Ms. Doe. The Nursing Home did not even submit an affidavit from its employees stating that anyone witnessed Ms. Doe sign the arbitration agreement.

Due to a lack of evidence that Ms. Doe signed the arbitration agreement (as well as several other reasons not critical to the disposition of this appeal),

the trial court overruled the preliminary objections. This timely, interlocutory appeal as of right followed.[3]

The Nursing Home raises one issue. It asks, "did the trial court err . . . in overruling [the Nursing Home's] preliminary objections and refusing to remove the matter to arbitration where plaintiff willingly and knowingly signed the . . . arbitration agreement . . . ?" Nursing Home's Brief at 5.

The Nursing Home's framing of the issue indicates that it refuses to accept the trial court's factual determination that Ms. Doe never signed the arbitration agreement. Despite the trial court's decision to credit Ms. Doe's sworn affidavit as truthful, the Nursing Home asks us to supplant the trial court's view of the facts with our own. It advances its purely factual claim that Ms. Doe signed the arbitration agreement, in spite of the trial court's finding to the contrary.

The Nursing Home believes the "trial court erred in finding [as a fact] that there was no valid agreement to arbitrate." *Id.* at 16. In its view, the trial court "should have . . . rejected" the sworn statements in Ms. Doe's affidavit. *Id.* In particular, the Nursing Home believes that the trial court mistakenly accepted Ms. Doe's contention that "it is more likely that [her] signature was copied from somewhere else and added to the Agreement." *Id.*

_____

[3] This Court has appellate jurisdiction over the appealed-from, interlocutory order based on Pa.R.A.P. 311(a)(8), because the order in question denied the Nursing Home's petition to compel arbitration. *See Midomo v. Presbyterian House Dev. Co.*, 739 A.2d. 180 (Pa. Super. 1999) (holding that an order denying a petition to compel arbitration is an interlocutory order, immediately appealable as of right).

The Nursing Home faults Ms. Doe for not proving where the Nursing Home would have obtained her signature if she did not sign the arbitration agreement.

The factual arguments of the Nursing Home disregard our deferential standard of review for an order overruling preliminary objections in the nature of a petition to compel arbitration. We review such an order "for an abuse of discretion and to determine whether the trial court's findings are supported by substantial evidence." *Smay v. E.R. Stuebner, Inc.*, 864 A.2d 1266, 1270 (Pa. Super. 2004).

The Nursing Home does not claim, much less persuade us, that Ms. Doe's affidavit and sworn statements therein do not constitute "substantial evidence" that support the trial court's factual finding. *Id.* The affidavit is clearly substantial evidence supporting the trial court's factual finding that the parties did not enter into an arbitration agreement. Ms. Doe's sworn affidavit – the only sworn evidence of record – makes clear that (1) she did not see the arbitration agreement before receiving the Nursing Home's preliminary objections, (2) she did not read or sign the agreement, and (3) no one at the Nursing Home ever presented or explained the agreement to her. *See* Doe's Affidavit at 1.

The trial court had every right to accept Ms. Doe's sworn affidavit and give it more weight than the Nursing Home's unsubstantiated assertion that she signed the arbitration agreement. "The trial court is free to believe all, part, or none of the evidence presented and is likewise free to make all

credibility determinations and resolve conflicts in the evidence." *In the Interest of L.V.*, 209 A.3d 399, 411 (Pa. Super. 2019). When the facts in Ms. Doe's affidavit are credited as true, they lead to the inescapable conclusion that the parties did not form an arbitration agreement.

In order to form a contract in Pennsylvania, there are usually "three requisite elements: an offer, acceptance, and consideration." *Estate of Caruso v. Caruso*, 322 A.3d 885, 896 (Pa. 2024). "The principle that a contract is not binding unless there is an offer and an acceptance is to ensure that there will be mutual assent." *Schreiber v. Olan Mills*, 627 A.2d 806, 808 (Pa. Super. 1993).

Ms. Doe provided the trial court with substantial, unrefuted evidence that she did not accept the arbitration agreement. Because the trial court found her evidence to be credible, it determined that there was no proof that she accepted the arbitration agreement. In short, the Nursing Home, the party seeking to enforce the arbitration agreement and the party with the burden of proof, failed to prove mutual assent between the parties.

Therefore, no contract to arbitrate this case exists between the parties, as a matter of law. *See Caruso*, *supra*. Accordingly, the trial court correctly overruled the Nursing Home's preliminary objections in the nature of a petition to compel arbitration.

Order affirmed. Case remanded for the Nursing Home to file an Answer to the Complaint.

Jurisdiction relinquished. The prothonotary is directed to remove this case from the January 2026 (A01) argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/15/2025</u>